(Superior Court of Cincinnati.)
Special Term, 1897.

W. A. AMPT, A citizen of the City of Cincinnati, etc., v. THE CITY OF CINCINNATI, and D. W. BROWN, Auditor.

---

*Pleading—Petition to enjoin acts of municipal officers—*
(1.) It is not necessary in a petition under sec. 1778, R. S., to restrain the illegal acts of the officers of a municipal corporation, th :t the caption should describe the plaintiff as a taxpayer, it being sufficient if such fact be alleged in the body of the petition.

*Same—Including proposed expenditures in various departments not misjoinder—*
(2.) A petition by a taxpayer against a municipal corporation and its auditor for an injunction against the making of any contracts or expenditures under an appropriating ordinance making appropriations for different funds or departments on the ground that such ordinance is void, does not improperly join several causes of action, but is within sec. 5019, R. S., providing for the joinder of causes of action in the same case.

*Municipal appropriating ordinances should classify items—*
(3.) Under Sec. 2690 h, R. S., requiring that "detailed and specific appropriations for the several objects for which the city has to provide, apportioned to each month" shall be made in the appropriation ordinance, and Sec. 1693, R. S., providing that "every ordinance appropriating money shall contain an explicit statement of the uses and purposes for which the appropriation is made," a municipal ordinance which appropriates lump sums for certain funds is void, as the ordinance should contain a classification of the expenditures in each department or fund.

*Same—Purpose of Statutes—*
(4.) The purpose of the statutes requiring such appropriation ordinances is to furnish the public, as far as practical, an itemized statement of the expenditures of the city government in every department, which can be quickly secured and readily understood, and such statutes should be so construed.

*Same—Ordinance appropriating sum in excess of estimate void—*
(5.) When in such an appropriation ordinance the appropriation for the fiscal year for a certain fund or department exceeds the amount of the estimate for that year, made by the auditor, board of legislation and board of supervisors, as to such fund the ordinance is void.

*Injunction—*
(6.) Injunction will lie at the suit of a taxpayer to restrain the expenditure of money or the making of contracts for such expenditure under said void ordinances.

*Necessity for passage and approval of appropriating ordinance—*
(7.) The passage of a valid appropriating ordinance and its approval as required by Sec. 2690j, R. S., is a condition precedent to the expenditure of any money or the creation of any liability by the city.

---

SMITH, J.

The questions presented by this case arise by a demurrer to the petition. While the petition is of considerable length, yet as the discussion of the question of law in the case requires that most of the facts alleged in the petition should be born constantly in mind, I set out the petition in full, omitting those allegations of the same which are merely argumentative and rhetorical. It is as follows:

W. M. Ampt, the plaintiff, says he is a taxpayer and citizen of the city of Cincinnati, a municipal corporation of the first grade and the first class under the laws of Ohio, of which D. W. Brown, defendant, is the auditor, and he brings this suit in behalf of said city, having first on June 5, 1897, requested Fred. Hertenstein, Esq., the corporation counsel of said city, in writing to do so and he having on said day refused to do so.

Plaintiff says that on May 17, 1897, the said city by its board of legislation, passed an ordinance No. 15 making appropriations for the wants of said city for the last fiscal half year, ending December 31, 1897, and as required by section 2690h, Revised Statutes, and thereby made appropriation from the several funds hereinafter named and in the manner herein-

after stated in the following causes of action:

### FIRST CAUSE.

Said ordinance appropriates from the water-works fund for the last half year of 1897, for waterworks purposes expendable in

| | |
|---|---|
| July | $102,500.00 |
| August | 75,000.00 |
| September | 75,000.00 |
| October | 66,000.00 |
| November | 66,000.00 |
| December | 40,500.00 |

In all for said six months......$425,000.00

But without any explicit, specific or detailed statement of the object, uses and purposes to be provided for, or of the items of expense to be incurred under said appropriation, other than the words, "for waterworks purposes."

Plaintiff further says that on July 25, 1896, the board of administration of said city, being *ex officio* in charge of its waterworks, made an estimate of the needs of said department in 1897, in the following words, to-wit:

Waterworks fund ............. $875,000.00

But without any further explanation or statement whatever; and afterward there was appropriated by said city, "for waterworks purposes" for the first fiscal half year of 1897, the sum of $450,000.00, making with the appropriation for the last half year of 1897 as above set forth, $875,000.00 appropriated for 1897.

Plaintiff says that it is the intention of said board of administration as *ex officio* trustees of said waterworks, to expend said $425,000.00 during the half year ending December 31, 1897, and without any other authority than the appropriation above set forth, and for the following purposes, to-wit:

For maintaining and operating said works.
For repairs of said works.
For betterments and improvements of same.
For interest on waterworks bonded debt.
For principal of waterworks bonded debt.
For payment of floating debt.

Plaintiff says that on thus expending the $425,000.00 there will be paid out approximately, the following sums, to-wit:

| | |
|---|---|
| For wages and labor | $190,000.00 |
| For salaries and office expenses .. | 24,000.00 |
| For materials and supplies | 130,000.00 |
| For waterworks debt | 65,000.00 |
| For sundries and contingencies .. | 16,000.00 |

### SECOND CAUSE.

Said ordinance appropriates from the Trunk Sewer Fund for the last half year of 1897, expendable in

| | |
|---|---|
| July | $25,000.00 |
| August | 15,000.00 |
| September | 10,000.00 |
| October | 8,000.00 |
| November | 3,000.00 |
| December | 2,000.00 |

In all for said six months..... $63,010.00

But without any explicit, specific or detailed statement of the objects, uses and purposes to be provided for, or of the items of expense to be incurred under said appropriation other than the words: "For the construction of trunk sewers."

Plaintiff says that the estimate of the board of administration of July 25, 1896, of the needs of said city for the year, 1897, for trunk sewers was made in the following words and not otherwise, to-wit:

"Trunk Sewers: Seven-tenths of one mill fixed by statute. (See act of general assembly passed March 25, 1896)". But without any other or further explanation or statement whatever, and afterward there was appropriated by said city "for the construction of trunk sewers" for the first fiscal year of 1897 the sum of $75,000, making with the appropriation for the last half year of 1897, as above set forth, $138,010.00 appropriated for 1897, although no amount whatever was ever estimated for by said board, or any other officer or authority of said city.

Plaintiff says that it is the intention of said board of administration to expend said $63,010 during the half year ending December 31, 1897, and without any other authority than the appropriation above set forth, partly for the construction of trunk sewers and partly to pay the cost of sewers other than trunk sewers, where their cost exceeds the amount assessable upon private property, but plaintiff is unable to state how much of the $63,010 will be expended for each purpose.

Plaintiff says that in expending said $63,010 there will be paid approximately the following sums, to-wit:

| | |
|---|---|
| For wages and labor | $15,000 |
| For materials and supplies | 4,000 |
| For sundries and contingencies | 4,000 |
| For sewer contractors | 40,000 |

### THIRD CAUSE.

Said ordinance appropriates from the Bridge Fund for the last half year of 1897, for bridge purposes, expendable in

| | |
|---|---|
| July | $6,000.00 |
| August | 3,000.00 |
| September | 3,000.00 |
| October | 3,000.00 |
| November | 2,000.00 |
| December | 337,17 |

In all for said six months...... $17,337.17

But without any explicit, specific or detailed statement of object, uses and purposes to be provided for, or of the items of expense to be incurred under said appropriation, other than the words: "For salaries and other expenses."

Plaintiff says that the only estimate of the needs of the city for bridges in the year of 1897, was that of July 25, 1896, by the board of administration, and was in the following words and not otherwise, to-wit:

BRIDGES.

| | |
|---|---|
| Maintenance, betterments, etc. | $32,000.00 |
| Interest and sinking fund | 6,166.66 |

Without stating how much was needed for maintenance of bridges—nor how much for betterment of bridges—nor how much for purposes other than these two for which the $32,000 was estimated.

Plaintiff says:

That the entire bridge fund for the year 1897, will be $39,415.06; that there was appropriated by said city from said fund for the first half year of 1897 $25,166.66; making with the appropriation for the last half year of 1897 as above set forth $42,503.83, appropriated for 1897, which is $4,337.17 in excess of the estimate for bridge purposes for the year 1897, and is $3,088.77 in excess of the bridge fund for said year.

Plaintiff says that it is the intention of said city by its board of administration to expend said $17,337.17 during the half year ending December 31, 1897, under the estimate and appropriation above set forth. In part for maintenance of bridges—in part for betterment of bridges—in part for the repair of bridges, but how much for each purpose he is unable to say.

Plaintiff says that in expending said $17,337.17 there will be paid approximately the following sums, to-wit:

| | |
|---|---|
| For wages and labor | $8,000.00 |
| For material and supplies | 3,600.00 |
| For sundries and contingencies | 700.00 |
| For repairs under contract | 5,000.00 |

FOURTH CAUSE.

Said ordinance appropriates from the Wharfage Fund for the last half of the year 1897, expendable in

| | |
|---|---|
| July | $750.00 |
| August | 430.00 |
| September | 400.00 |
| October | 428.00 |
| November | 320.00 |
| December | 320.00 |

In all for said six months ........$2,648.00

But without any explicit, specific or detailed statement of objects, uses and purposes to be provided for, or of the items of expense to be incurred under said appropriation, other than the words: "For salaries and other expenses."

Plaintiff says that no estimate whatever was ever made or transmitted to the auditor, of the needs of the city for wharf purposes for 1897, and that it is the intention of said city through its wharf-master to expend said $2,648.00 during the half year ending December 31, 1897, under the appropriation above set forth for the following purposes, and for the following approximate amounts.

| | |
|---|---|
| For salaries | $1,300.00 |
| For wages | 525.00 |
| For rents | 185.00 |
| For sprinkling public landing | 320.00 |
| For sundries | 300.00 |

Plaintiff says that all of said funds will be expended as above set forth upon the warrant of said auditor and during the last half of 1897, unless restrained by the order of this court.

Plaintiff says that in 1895, the city of Cincinnati, excluding the scholl board, paid out for wages and salaries $2,125,626.79, of which $892,783.83 was paid out by one board alone; that in 1896 similar amounts were paid out, and in 1897 it is intended to pay a like sum for the same purpose.

Plaintiff says that the making of contracts and expenditures under appropriating ordinances passed in the form herein complained of, will be in violation of sections 2609e, 2609f, p. 5, 2690h, 2690f, 2698, 2699 and 1693, of the Revised Statutes of Ohio, and will be a misapplication of the funds of the city and an abuse of the city's corporate powers within the meaning of section 1777; and that there is no remedy for the evils herein complained of to be hoped for from any voluntary action of the city's officials, who make, pass and revise appropriating ordinances, but that the only available remedy is by an injunction of this court as prayed for in this petition.

Plaintiff under section 5099, Revised Statutes, annexes hereto interrogatories pertinent to the issues herein to be answered by the persons and officers there designated, under oath:

Whereupon the plaintiff prays the court to perpetually enjoin the making of any contracts or expenditures under the ordinance referred to in the petition, from the waterworks fund; from the trunk sewer fund; from the bridge fund and from the wharfage fund.

And to find that the $42,503.83 appropriated for bridge purposes in 1897 is $4,337.17 in excess of the amount that will be in said fund for said year and to enjoin the expenditure of any such excess.

And he prays for all relief and costs.

The demurrer to the petition is upon three grounds:

First—That the plaintiff has not legal capacity to sue.

Second—That several causes of action are improperly joined; and

Third—That the petition does not state facts sufficient to constitute a cause of action.

In support of the first ground it is claimed that inasmuch as the action can only be brought by plaintiff in his character as taxpayer on behalf of the city, the caption should describe the plaintiff as taxpayer. It is true that under section 1778, Revised Statutes, no one but a taxpayer has the right to bring an action of this character, but the fact that the person instituting the action is a taxpayer need not be stated in the caption any more than any other fact necessary to enable him to bring the action. It is sufficient if the fact of his being a taxpayer together with all other facts necessary to enable him to maintain the action be alleged in the body of the petition. The language of section 1778, Revised Statutes, seems to me decisive of the question. It provides that "it shall be lawful for such taxpayer to institue suit for such purpose *in his own name,* on behalf of the corporation." The statute does not say "in his own name and as a taxpayer" but only says "in his own name." This suit has been brought in this manner and in the body of the petition are the necessary allegations as to previous demand upon the corporation counsel to bring the action and his refusal,and the allegations that the plaintiff is a taxpayer of the city of Cincinnati.

As to the objection that several causes of action are improperly joined it seems to me sufficient to say, without dwelling upon the matter, that inasmuch as all the causes of action are similar in character and arise out of the same transaction, viz., the passage of an appropriating ordinance, that they fall within the spirit as well as the letter of section 5019, Revised Statutes, which provides for the joinder of causes of action in the same case.

I come now to consider the third objection, viz., that the petition does not state facts sufficient to constitute a cause of action.

The discussion of this ground of demurrer requires a knowledge of the general plan provided by the statutes of the state for the raising and disbursements of the public revenues in cities of the first grade and the first class, and I, therefore, call attention first to such general plan.

The first requirement for the raising and disbursement of the revenue for any year is that on or before the first Monday in March in each year the authorities of all the city institutions, except the board of education, as well as every head of a department or office in the city for whose wants provision is to be made, shall report to the comptroller the amount of money needed for their respective wants for the ensuing year, the estimates to be given for each month. The comptroller, board of legislation and the board of supervisors each in turn then revises such estimates, and if deemed proper reduces them "so as to prevent unnecessary expenditures and to bring them within fair limits to the other expenditures required by the city." Section 2690-9, Revised Statutes.

The comptroller having received the estimates of the various departments, prepares his estimates of the amount required for the different funds and transmits the same to the board of legislation, together with an estimated percentage of the amount deemed necessary to be levied in that year so as to provide sufficient funds for paying the expenses of the city for the ensuing fiscal year. Section 2690*f,* Revised Statutes.

The estimates of expenditures, together with the estimated percentage of levy, having been considered and revised by the board of legislation, are transmitted to the board of supervisors for action thereon, who approve or disapprove the same as seems best to them. Section 2690*g,* Revised Statutes.

But the making of the estimates and the determination and making of the levy for the year does not entitle the various departments of the city government to expend the amounts fixed by the estimates. Before any expenditures can be made by any of the city departments the statute provides, section 2690*h,* Revised Statutes, that "the board of legislation shall make by the first week of each fiscal half year, detailed and specific appropriations for the several objects for which the city has to provide, apportioned to each month of the

moneys known to be in the treasury, or estimated to come into it during the six months next ensuing, including in their estimate the next semi-annual December collection of taxes and all other sources of revenue, and be careful to provide in their appropriations for every legitimate expenditure and to apportion the means fairly and legally among such expenditures; and their action thereon they shall transmit to the board of supervisors for approval, amendment or rejection as they may determine. All expenditures within the following six months shall be made in accordance with and within said appropriations. Balances thereof, or credits remaining over at the end of the year, shall then no longer be open for payment therefrom and shall be recredited to the funds from which they were taken."

To provide against any unforeseen emergency it is further provided in the section of which a part only has just been cited that there shall be semi-annually appropriated the sum of twenty-five thousand dollars.

The passage of the appropriating ordinance and its approval as required by section 2690*j*, Revised Statutes, is no mere idle ceremony. It is a vital condition precedent to the expenditure of any money or the creation of any liability by the city and is so declared in the section just referred to, which reads as follows:

Section 2609j, Revised Statutes. "No liability whatever shall be created against any city of the first grade of the first class, and no expenditures shall be made for the same, except for school and educational purposes as provided for by the board of education therein *unless it be previously covered by an appropriation sanctioned* both by the board of supervisors and board of legislation and common council as above provided, except from the contingent fund of twenty-five thousand dollars herein provided for * * * *

"Any attempt to create a liability against any such city contrary to the provisions of this act shall be null and void."

The contention of the plaintiff with reference to the appropriations for the waterworks fund and the trunk sewer fund is that inasmuch as they simply appropriate a lump sum in each case, viz.: For the waterworks $875,000, and for the trunk sewer fund $63,010, they violate that provision of the law, section 2690*h*, Revised Statutes, which requires that "detailed and specific appropriations for the several objects for which the city has to provide, apportioned to each month" shall be made in the appropriating ordinance.

It is contended on the other hand by the

VOL. 8—37

[COPYRIGHT, 1901, BY CARL G. JAHN.]

city that the mere enumeration of the various funds by their respective titles with the amount appropriated for the particular fund is a compliance with the statutes and a sufficient appropriation, and that any more detailed appropriation would be impracticable and, therefore, must be presumed not to be within the legislative intent."

In aiming at the true construction of the language "detailed and specific appropriations" we are not at liberty to confine our consideration to the language of the act of which this is a part, but are compelled to read this language in connection with that of section 1693, Revised Statutes, in which it is provided that no "appropriation of money for any purpose shall be made except by an ordinance" and "that everey ordinance appropriating money shall contain an *explicit statement* of the uses and purposes for which the appropriation is made."

We find, therefore, that the appropriation provided for in section 2690*h*, Revised Statutes, shall not only be "detailed and specific" but shall also be "explicit."

Can an appropriation of a lump sum of $875,000 for the waterworks department or of $63,010 for the trunk sewer fund be said to be either a detailed, specific or explicit appropriation of money? It seems to me that it cannot, and, therefore, that such an appropriation is violative of the provision both of section 2690 and section 1693.

But this conclusion as to the proper interpretation of section 2690*h*, Revised Statutes, is not reached solely by an examination of the language of the section. A consideration of only one of the purposes which must have been in the mind of the legislature in the enactment of these provisions is sufficient to make inevitable the same conclusion. That purpose, in my opinion, undoubtedly was to furnish the public so far as it could practically be done an itemized statement of the expenditures of the city government in every department, and at the same time a statement which could be quickly secured and readily understood. The construction of the statutes which requires such a statement to precede any expenditure conduces to economy and honesty in public expenditures and has a wholesome and deterrent influence in preventing waste, extravagance and dishonesty. A different construction invites and leads to an opposite result.

The objection that it is impossible to state in advance every detail of expenditure in every department of the city, does not militate against the construction of the statute, which

requires in most cases, if not in all, a statement more detailed and explicit than the naming of a lump sum. It is true the statute must be reasonably construed; but the fact that it is unreasonable to demand that every item of expenses should be enumerated in advance does not make unreasonable a demand that at least there shall be a classification of the expenditures in each department.

For the reasons stated I am of the opinion that the allegations of the petition as to the appropriations for the waterworks and trunk sewer funds state good causes of action against the city and that as to them the demurrer should be overruled.

To illustrate the practicability of such a classification without intending to be understood as stating a complete classification, there would seem to be no reason why the waterworks appropriation should not at least be divided into (1) Operating expenses: (2) Interest on waterworks debt: (3) Interest on sinking fund debt: (4) Betterments: and no reason why the trunk sewer appropriation might not be subdivided at least into (1) districts; (2) payments of cost in excess of $2.00 per foot limit. In both the cases taken for illustration doubtless the classification should be more minute than I have made it for the purposes of illustration.

It further appears from the allegations of the petition that the illegal manner of making appropriations as to the waterworks and trunk sewer fund has also marked the appropriations from the bridge and wharf fund; and that as to the bridge fund the appropriations for the fiscal year exceed the amount of the estimate for that year by $4,337.17.

As to these funds, therefore, the petition also states good causes of action.

The demurrer to the petition will be overruled, and as the city does not controvert the facts alleged in the petition an injunction as prayed for therein should issue against the city, enjoining it from making any further expenditures from the waterworks, trunk sewer, bridge or wharf funds.

As the plaintiff, however, has expressed a desire not to disturb the transactions of the city for the present fiscal year ending December 31, 1897, but seeks only to have declared the rule which shall govern the various city boards in the passage of the appropriating ordinances, he has consented in case the demurrer of the city is overruled that the order of injunction shall be suspended until said thirty-first of December, 1897. In case, however, of a continuance in the future of the illegal method of passing appropriation ordinances, upon application to this court an order of injunction will be granted and the same continued in force without suspension.

*Wm. M. Ampt,* for plaintiff.
*Ellis Guy Kinkead,* for defendant